**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| RASHFORD EMANUAL GALLOWAY, | : | CIVIL ACTION NO. 08-0820 (RMB) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| 11 UNKNOWN U.S. MARSHALS, et al., | : | |
| Defendants. | : | |

**APPEARANCES**:

    RASHFORD EMANUAL GALLOWAY, #17700-058, <u>Pro Se</u>
    F.C.I. Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**BUMB, District Judge**

Plaintiff Rashford Emanual Galloway, who is presently confined at Federal Correctional Institution at Fort Dix, seeks to file a complaint <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of poverty, prison account statement and the absence of three qualifying dismissals, <u>see</u> 28 U.S.C. § 1915(g), this Court will grant <u>in forma pauperis</u> status to Plaintiff.[1] As required by 28 U.S.C. §§ 1915(e)(2)(B) and

---

[1] This Court administratively terminated this matter by Order entered February 25, 2008, because Plaintiff's application to proceed <u>in forma pauperis</u> was deficient in that Plaintiff did not submit a six-month prison account statement. As Plaintiff submitted the prison account statement on March 6, 2008, his application is now complete and the Order accompanying this Opinion directs the Clerk to re-open the file.

1915A, this Court has screened the Complaint for dismissal and, for the reasons set forth below, will dismiss the Complaint as time barred.

## I.   BACKGROUND

Plaintiff asserts violation of his constitutional rights by 11 unknown United States Marshals and four unknown employees of the federal Bureau of Prisons ("BOP"). He asserts the following facts, which this Court is required to regard as true for the purposes of this review. See Stevenson v. Carroll, 495 F. 3d 62, 66 (3d Cir. 2007). Plaintiff alleges that on June 13, 2002, without an arrest warrant, two unknown United States Marshals arrested him in Bucks County, Pennsylvania, and took him to the Federal Detention Center in Philadelphia. Plaintiff asserts that four days later, unknown Marshals transported him from Philadelphia to the Harrisburg Airport, where he was flown to the Atlanta Airport and taken by bus to the Atlanta Penitentiary. He asserts that on June 18, 2002, BOP officials took him to the Mecklenburg County Jail in North Carolina. On June 19, 2002, Plaintiff appeared before United States Magistrate Judge Carl Horn, III, in the United States District Court for the Western District of North Carolina, without counsel. See United States v. Galloway, Crim. No. 02-0150-1 (W.D. N.C. filed May 7, 2002). On June 24, 2002, Plaintiff appeared before Judge Horn for

arraignment and Judge Horn ordered Plaintiff's detention. See id. order of detention (W.D. N.C. June 24, 2002).

Plaintiff maintains that the unknown Marshals fabricated a probation violation detainer to justify his unconstitutional arrest on June 13, 2002, and his detention pursuant to that arrest. Plaintiff asserts that, by arresting him on June 13, 2002, detaining him for 144 hours without a probable cause hearing, and failing to provide counsel for his court appearance on June 19, 2002, defendants violated his Fourth, Fifth, Sixth and Fourteenth Amendment rights. He seeks unspecified damages.

## II. STANDARD FOR SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires the Court, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding in forma pauperis or a prisoner seeks redress against a governmental employee or entity. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A. The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.

Rule 8(a) of the Federal Rules of Civil Procedure, however, requires that a complaint "must contain (1) a short and plain

statement of the grounds of the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . ." Fed. R. Civ. P. 8(a). Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(d).

A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); see also Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990). As for failure to state a claim, the United States Court of Appeals for the Third Circuit recently clarified the standard, in light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007), as follows:

> Thus, under our reading, the notice pleading standard of Rule 8(a)(2) remains intact, and courts may generally state and apply the Rule 12(b)(6) standard, attentive to context and a[] showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. It remains an acceptable statement of the standard, for example, that courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker, 292 F. 3d at 374 n.7. See also Twombly, 127 S. Ct. at 1969 n.8 (citing as consistent with its rejection of the "no set of facts" language the statement that "if, in view of what is alleged, it can reasonably be

>conceived that the plaintiffs . . . could, upon a trial , establish a case which would entitle them to . . . relief, the motion to dismiss should not have been granted") (citation omitted).

\*          \*          \*

>The issues raised by Twombly are not easily resolved, and likely will be a source of controversy for years to come.  Therefore, we decline at this point to read Twombly so narrowly as to limit its holding on plausibility to the antitrust context. Reading Twombly to impose a "plausibility" requirement outside the § 1 context, however, leaves us with the question of what it might mean.  "Plausibility" is related to the requirement of a Rule 8 "showing."  In its general discussion, the Supreme Court explained that the concept of a "showing" requires only notice of a claim and its grounds, and distinguished such a showing from "a pleader's bare averment that he wants relief and is entitled to it."  Twombly, 127 S. Ct. at 1965 n.3.  While Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id. at 1965.

>The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading state, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element . . . .
>
>The complaint at issue in this case clearly satisfies this pleading standard, making a sufficient showing of enough factual matter

5

>     (taken as true) to suggest the required
>     elements of Phillips' claims.

Phillips v. County of Allegheny, 515 F. 3d 224, 233, 234-35 (3d Cir. 2008) (citation and internal quotation marks omitted).

### III.  DISCUSSION

Federal courts are courts of limited jurisdiction.  See Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986).  A district court may exercise original jurisdiction over "Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their authority."  U.S. Const. art. III., § 2; see also 28 U.S.C. § 1331.

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights."  Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001).  The Supreme Court found an implied damages remedy available under the Fourth Amendment.  See Bivens, 403 U.S. at 397.  The Supreme Court has recognized an implied damages remedy under the Due Process Clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel

6

and Unusual Punishment Clause of the Eighth Amendment, <u>Carlson v. Green</u>, 446 U.S. 14 (1980).  To state a claim for damages under <u>Bivens</u>, 403 U.S. 388, a plaintiff must show that federal officers violated his constitutional rights.  See <u>Malesko</u>, 534 U.S. at 66.

A.  <u>Statute of Limitations</u>

In this case, Plaintiff alleges that defendants violated his constitutional rights when they arrested him on June 13, 2002, and detained him without legal process until he appeared before Judge Horn on June 19, 2002.  The statute of limitations on a civil rights claim is governed by the statute of limitations for personal injuries in the State where the cause of action arose.  <u>See</u> <u>Wallace v. Kato</u>, 127 S. Ct. 1091, 1094 (2007) ("Section 1983 provides a federal cause of action, but in several respects relevant here federal law looks to the law of the State in which the cause of action arose.  This is so for the length of the statute of limitations:  It is that which the State provides for personal-injury torts"); <u>see also</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 276 (1985).  The statute of limitations accrues on a claim asserting the constitutional tort of false arrest and accompanying false imprisonment commences to run when the defendant becomes detained pursuant to legal process.  <u>See</u> <u>Wallace v. Kato</u>, 127 S. Ct. 1091, 1097 (2007) ("We conclude that the statute of limitations on petitioner's § 1983 claim [for false arrest and imprisonment] commenced to run when he appeared

7

before the examining magistrate judge and was bound over for trial").

In this case, the statute of limitations on Plaintiff's Bivens claim began to run at the latest on June 25, 2002, the day after Judge Horn entered an order of detention, see Wallace, 127 S. Ct. at 1097, in the United States District Court for the Western District of North Carolina.  See United States v. Galloway, Crim. No. 02-0150 (FDW) order of detention (W.D. N.C. June 24, 2002).  Since the cause accrued in North Carolina, North Carolina's three-year statute of limitations for personal injury actions applies to Plaintiff's Bivens claim.  See Brooks v. City of Winston Salem, 85 F. 3d 178, 181 (4th Cir. 1996) (noting that three-year period for personal injury actions set forth in N.C. Gen. Stat. § 1-52(5) is limitations period applicable to § 1983 actions); Love v. Alamance County Bd. of Educ., 757 F. 2d 1504, 1506 n. 2 (4th Cir. 1985).  Thus, the limitations period ran from June 25, 2002, for three years until it expired on June 24, 2005.  Since Plaintiff did not sign his Complaint until February 15, 2008, the action is time barred.

The question remains as to whether this Court may dismiss the Complaint for failure to state a claim sua sponte under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as time-barred.  The statute of limitations is an affirmative defense that must generally be pleaded and proved by the defendants.  See Bethel v. Jendoco

Const. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (statute of limitations on civil rights claim is an affirmative defense). While a plaintiff is not required to plead that the claim has been brought within the statute of limitations, Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002), as the Supreme Court observed in Jones v. Bock, 549 U.S. 199, \_\_\_\_\_, 127 S. Ct. 910, 920-21 (2007), if the allegations of a complaint, "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." See also Bethel, 570 F.2d at 1174 (civil rights claim may be dismissed as time-barred on defendant's motion to dismiss where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations") (citation omitted).

The United States Court of Appeals for the Third Circuit has not considered in a precedential opinion whether a district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. §§ 1915(e) and 1915A(b) where the time-bar is apparent on the face of the Complaint, but has affirmed such a sua sponte dismissal in an unpublished opinion. See Hunterson v. DiSabato, 244 Fed. Appx. 455, 457 (3d Cir. 2007) ("a district court may *sua sponte* dismiss a claim as time barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run") (citing Jones v. Bock, 127 S. Ct. at

920-21). Moreover, several federal circuits have permitted <u>sua sponte</u> dismissal under § 1915(e) or § 1915A. <u>See</u>, <u>e.g.</u>, <u>Nasim v. Warden, Maryland House of Correction</u>, 64 F.3d 951 (4th Cir. 1995); <u>Pino v. Ryan</u>, 49 F.3d 51 (2nd Cir. 1995); <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 256 (5th Cir. 1993); <u>Myers v. Vogal</u>, 960 F.2d 750, 751 (8th Cir. 1992); <u>Street v. Vose</u>, 936 F.2d 38 (1st Cir. 1991).

This Court holds that <u>sua sponte</u> dismissal is appropriate on statute of limitations grounds if "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." <u>Bethel v. Jendoco Const. Corp.</u>, 570 F.2d at 1174 (citation omitted). Applying this standard, the Court finds that dismissal of the Complaint for failure to state a claim is warranted because it is clear from the face of the Complaint that Plaintiff's federal claim is time barred.

### IV. CONCLUSION

For the reasons set forth above, the Court reopens the file, grants Plaintiff's application to proceed <u>in forma pauperis</u>, dismisses the Complaint and re-closes the file.

s/Renée Marie Bumb<br>
**RENÉE MARIE BUMB**<br>
United States District Judge

Dated: May 7, 2008